# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA SIMS,<br><br>   Plaintiff,<br><br>v.<br><br>JULIE WILLIAMS, et al.,<br><br>   Defendants. | Case No. 2:23-cv-00841-MMD-NJK<br><br>**ORDER**<br><br>[Docket No. 1] |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*. Docket No. 1. Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on October 31, 2023. Docket No. 3. The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. Docket Nos. 3, 6. The parties did not settle at mediation. Docket No. 8.

The minutes of the mediation proceedings were undeliverable to the address that Plaintiff provided to the Court. Docket No. 9. According to the Nevada Department of Corrections inmate database, Plaintiff is no longer housed at High Desert State Prison, the last address that he provided to the Court. Instead, he is now housed at Three Lakes Valley Conservation Camp. Pursuant to LR IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number." Such notification must include proof of service on each opposing party or the party's attorney. "Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1.

The Court will direct the Clerk of the Court to send a one-time courtesy copy of this order to Plaintiff at Three Lakes Valley Conservation Camp. However, Plaintiff must file a notice informing the Court of his current address, and he must file his updated address with the Court any time that his address changes. If Plaintiff fails to meet a deadline as a result of not receiving a court filing because he filed to update his address, this case may be subject to dismissal without further warning.

For the foregoing reasons, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis*, Docket No. 1, is **GRANTED**. Plaintiff is not required to pay an initial installment of the filing fee. In the event this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

3. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Joshua Sims, #1250831** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

4. The Clerk of the Court is **INSTRUCTED** to electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint, Docket No. 4, on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5. Service must be perfected no later than **July 9, 2024**, pursuant to Fed.R.Civ.P. 4(m).

6. Subject to the findings of the screening order, Docket No. 3, no later than **May 1, 2024**, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-

address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office must file, under seal, but not served upon the inmate Plaintiff, the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

7.  If service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant(s).

8.  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint, Docket No. 4, no later than **June 10, 2024**.

9.  Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

10.  On or before **May 10, 2024**, Plaintiff must file his current address with the Court. If Plaintiff fails to file his current address by that deadline, or if Plaintiff fails to file his updated

1 | address after any future change of address, this case may be subject to dismissal without further
2 | warning.
3 |     11.    The Clerk of the Court is **INSTRUCTED** to send a courtesy copy of this order to
4 | Plaintiff at Three Lakes Valley Conservation Camp.
5 |     12.    This case is no longer stayed.
6 | IT IS SO ORDERED.
7 | DATED: April 11, 2024.

_____
Nancy J. Koppe
United States Magistrate Judge

4